## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY 14-60560 |
| | Chapter 13 |
| Jeanine Meier, | |
| Debtor. | |

### NOTICE OF HEARING AND MOTION FOR DISMISSAL

TO: All parties in interest pursuant to Local Rule 9013-3.

1. Kyle L. Carlson, chapter 13 trustee, moves to dismiss this case.

2. The court will hold a hearing on this motion at 10:00 a.m. on September 29, 2015, in Courtroom 2, 2nd Floor, U.S. Courthouse, 118 South Mill Street, Fergus Falls, MN 56537.

3. Any response to this motion must be filed and served not later than September 24, 2015, which is five days before the time set for the hearing (including Saturdays, Sundays and legal holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. The motion is brought pursuant to 11 U.S.C. § 1307, Bankruptcy Rule 1017, and Local Rule 1017-2. The debtor commenced this case by filing a voluntary chapter 13 petition on September 4, 2014. This case is pending before this Court.

5. The trustee has requested copies of the 2014 tax return in order to investigate the financial affairs in this case to determine if all disposable income has been paid into the plan and if an increase in plan payment is necessary. A copy of the tax returns has not been supplied to the trustee. Pursuant to 11 U.S.C § 521(a)(3), a debtor has a statutory duty to cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties. Without copies of tax returns, the trustee has been unable to fully investigate the financial affairs in this case. *See* 11 U.S.C. §§ 1302(b) and 704(a)(4) (defining the duties of a chapter 13 trustee). This failure to cooperate with the trustee in furtherance of his duties is cause for dismissal under 11 U.S.C. § 1307. *See In re Ventura*, 375 B.R. 103, 109 (Bankr. E.D.N.Y. 2007) (a trustee's inability to effectively administer the estate due to a debtor's lack of cooperation constitutes "cause" for dismissal).

WHEREFORE, the trustee moves the Court for an order dismissing the case and such other relief as may be just and equitable.

Dated: September 2, 2015

/e/ Kyle L. Carlson
Kyle L. Carlson
Chapter 12 & 13 Trustee
PO Box 519
Barnesville, MN  56514
218-354-7356

## VERIFICATION

      I, Kyle L. Carlson, chapter 13 trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 2, 2015

/e/ Kyle L. Carlson
Kyle L. Carlson, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                            BKY 14-60560
                                                                  Chapter 13

Jeanine Meier,

         Debtor.

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

        The undersigned, being an employee of the standing chapter 13 trustee, declares that on the date indicated below, I served the attached Notice of Hearing and Motion for Dismissal upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

     Jeanine Meier
     1212 Main St NE
     Apt 333
     Minneapolis, MN 55413-1455

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: September 2, 2015

                                                                /e/ Jamie Swenson
                                                                Jamie Swenson
                                                                Chapter 13 Office